IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00853-REB-MJW

CAROLYN SEGURA,

Plaintiff,

v.

MONARCH RECOVERY MANAGEMENT, INC, a Pennsylvania corporation,

Defendant.

---

ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL THE DEFENDANT'S RESPONSES TO THE
PLAINTIFF'S WRITTEN DISCOVERY REQUESTS PURSUANT TO FED. R. CIV. P.
33, 34, 36 AND 37 (DOCKET NO. 29)

---

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the court on Plaintiff's Motion to Compel the Defendant's Responses to the Plaintiff's Written Discovery Requests Pursuant to Fed. R. Civ. P. 33, 34, 36 and 37 (docket no. 29). The court has reviewed the subject motion (docket no. 29), the response (docket no. 38) and the reply (docket no. 39). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff seeks an Order from this court compelling Defendant to

>  answer fully Plaintiff's Interrogatories Nos. 1 through 8, inclusive, and 10 through 21, inclusive. Moreover, Plaintiff seeks an Order from this court compelling Defendant to respond to Plaintiff's Request for Production of Documents Nos. 2, 3, 4, 5, 6, 8, 9, 11, 12, 13, 14, 15, 17, 18, and 19;

5. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).
>
> Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."

    Id. See Fed. R. Civ. P. 26(b) and (c);

6. That as to **Plaintiff's Interrogatory No. 1**, I find that Defendant shall fully answer Interrogatory No. 1 based upon Estate of Rice v. City and County of Denver, Colorado, 2008 WL 2228702, 07-cv-01571-MSK-BNB (D. Colo. May 27, 2008);

7. That as to **Plaintiff's Interrogatory No. 2**, I find that Defendant shall fully answer Interrogatory No. 2 based upon Estate of Rice v. City and County

of Denver, Colorado, 2008 WL 2228702, 07-cv-01571-MSK-BNB (D. Colo. May 27, 2008) and for those reasons as stated on the record by Magistrate Judge Boland in a hearing held on October 31, 2012, concerning Plaintiff's Motion to Compel (docket no. 20, filed 10-04-12) in the case of Gordon Howard v. Stellar Recovery, Inc., 12-cv-01207-RPM-BNB, (docket no. 30). It should be noted that the Howard case, is also a FDCPA case just like the case before this court;

8. That as to **Plaintiff's Interrogatories Nos. 3, 8, 10, 14, 15, 16, 20, and 21**, I find that Defendant shall fully answer these Interrogatories for those reasons as stated on the record by Magistrate Judge Boland in a hearing held on October 31, 2012, concerning Plaintiff's Motion to Compel (docket no. 20, filed 10-04-12) in the case of Gordon Howard v. Stellar Recovery, Inc., 12-cv-01207-RPM-BNB, (docket no. 30);

9. That as to **Plaintiff's Interrogatory No. 4**, I find that Defendant's answer to such interrogatory is incomplete. Such answer does not address sub-parts "a" through "g", inclusive, contained in this interrogatory;

10. That as to **Plaintiff's Interrogatories Nos. 5 and 6**, I find that Defendant's Objection should be sustained. This interrogatory seeks information beyond the relevant time frame as plead in the Complaint. Accordingly, no further response is required to be made by Defendant;

11. That as to **Plaintiff's Interrogatory No. 7**, I find that Defendant has answered this interrogatory in part but has not fully answered this interrogatory as to the type of computer being use, the manual used, and the policies and procedures used by Defendant during the relevant time frame as outlined in the Complaint;

12. That as to **Plaintiff's Interrogatory No. 17**, I find that Defendant's answer to such interrogatory is incomplete. Although Defendant has promised in its answer to such interrogatory to investigate and supplement its response, it appears to not have done so at this time;

13. That as to **Plaintiff's Interrogatories Nos. 11, 12, 13, and 18**, I find that Defendant has fully answered these interrogatories and no further answers are required;

14. That as to **Plaintiff's Interrogatory No. 19**, I find that Defendant's answer to such interrogatory is incomplete as to collector Reed A. Foster only. Although Defendant has promised to make inquiry as to whether Mr. Foster had any complaints and had promised to supplement its answer, it appears to not have done so at this time;

15. That as to **Plaintiff's Request for Production of Documents [RFP] Nos.**

        **2, 3, 17, and 18**, I find that Defendant's Objections to RFP Nos. 2, 3, 17 and 18 are sustained. No further response to these RFPs is required by Defendant;

16.     That as to **Plaintiff's RFPs 9, 13, and 14**, I find that Defendant's Objections to these RFPs are overruled. Defendant shall fully respond to these RFPs;

17.     As to **Plaintiff's RFPs 5, 6, 11, 12, 15, and, 19**, I find that Defendant has fully responded to these RFPs and therefore no further response is required by Defendant; and

18.     As to **Plaintiff's RFPs 4 and 8**, I find that Defendant shall respond to both RFP 4 and 8. However, I further find that the scope of the responses by Defendant to RFPs 4 and 8 shall be limited to "all of Defendant's representatives, employees, and/or agents who had telephone conversation(s) with the Plaintiff during the relevant time frame as outlined in the Complaint."

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1.     That Plaintiff's Motion to Compel the Defendant's Responses to the Plaintiff's Written Discovery Requests Pursuant to Fed. R. Civ. P. 33, 34, 36, and 37 (docket no. 29) is **GRANTED IN PART AND DENIED IN PART** as outlined below:

2.     That the Motion is **GRANTED** as to Plaintiff's Interrogatories as follows:

    (a)    As to **Plaintiff's Interrogatories Nos. 1, 2, 3, 8, 10, 14, 15, 16, 20, and 21**, Defendant shall fully answer these interrogatories on or before December 14, 2012;

    (b)    As to **Plaintiff's Interrogatory No. 4**, Defendant shall answer this interrogatory as to sub-parts "a" through "g", inclusive, contained in this interrogatory on or before December 14, 2012;

    (c)    As to **Plaintiff's Interrogatory No. 7**, Defendant shall answer this interrogatory as to the type of computer being used, the manual used, and the policies and procedures used by Defendant during the relevant time frame as outlined in the Complaint on or before December 14, 2012;

    (d)    As to **Plaintiff's Interrogatory No. 17**, Defendant shall answer this

        interrogatory fully on or before December 14, 2012;

    (e)    As to **Plaintiff's Interrogatory No. 19**, Defendant shall answer this interrogatory as to collector Reed A. Foster only on or before December 14, 2012;

3.    That the Motion is **DENIED** as to **Plaintiff's Interrogatories Nos. 5, 6, 11, 12, 13, and 18**;

4.    That the Motion is **GRANTED** as to **Plaintiff's RFPs Nos. 9, 13, and 14** and Defendant shall respond to RFP Nos. 9, 13, and 14 on or before December 14, 2012;

5.    That the Motion is **FURTHER GRANTED** as to **Plaintiff's RFPs Nos. 4 and 8,** as limited to all of Defendant's representatives, employees, and/or agents who had telephone conversation(s) with the Plaintiff during the relevant time frame as outlined in the Complaint, and Defendant shall respond on or before December 14, 2012; and

6.    That the Motion is **DENIED** as to **Plaintiff's RFPs Nos. 2, 3, 17, and 18**;

7.    That the Motion is **FURTHER DENIED** as to **Plaintiff's RFPs. Nos. 5, 6, 11, 12, 15, and 19**; and

8.    That each party shall pay their own attorney fees and costs for this motion since I find, under these circumstances, an award of expenses would be unjust.

Done this 28th day of November 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE